■ RUDER & FINN, INC., Appellant, v CATERING MANAGEMENT, Inc., et al., Respondents.—Judgment, Supreme Court, New York County, entered April 9, 1975, dismissing the second amended complaint, reversed, on the law, and vacated and defendants-respondents' motion to dismiss the complaint denied, with $60 costs and disbursements to appellant. A letter agreement between the parties stipulated payment of a fee for bringing about sale of the corporate defendant-respondent, of which the individual defendants were employees and sole stockholders. The letter, written by plaintiff-appellant's officer and countersigned in behalf of defendants, described the services to be rendered and the manner of payment therefor. Then, in an entirely separate sentence, it stated: "It is our understanding that for a period of twelve months from the date this agreement is signed by you [plaintiff] will be the exclusive brokerage agent representing your company and seeking a buyer for it." Thirteen months after expiration of the stated period of a year, a buyer was secured by plaintiff as described in the letter, and this suit is for payment for that service. Resistance to this claim is based on expiration by its terms of the writing evidencing the agreement of the parties (General Obligations Law, § 5-701, subd 10). Special Term agreed, and dismissed the cause based on the letter and, the contract having been held void, also dismissed another cause asserted against the individual defendants for tortious interference therewith. The contract as written and without the excerpted sentence is at least arguably complete. That sentence can be read to apply only to exclusivity, with the remaining portion fully satisfying the requirements of the Statute of Frauds. So read, general—not exclusive agency—would survive the expiration of a year, and performance within 13 months thereafter, of which defendants accepted the benefits and therefore a reasonable time, would be substantial performance. Thus, an issue of fact is raised, contrary to Special Term's assumption that the limitation of one year applied to the whole agreement. The first cause must therefore be reinstated, and since dismissal of that cause was held by Special Term to dictate dismissal of the second cause, the latter is likewise reinstated. Concur—Markewich, J. P., Lupiano, Silverman and Lynch, JJ.; Kupferman, J., dissents in the following memorandum:—While I would affirm on the opinion at Special Term, it should be pointed out in succinct fashion that the agreement by its language concluded after 12 months. That the termination did not, as the majority indicates, apply as to exclusivity alone, can be deduced from the fact that in the paragraph following the sentence quoted in the majority memorandum, there is specific reference to an earlier effort of the plaintiff in order to allow for a general agency to cover that possibility. There would have been no need for this paragraph if the general agency covered more than one year and it was only the exclusive agency that had a time limit. [Amd May 25, 1976]